IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
_____ Division

| | |
|---|---|
| LIKENESS DATA, LLC )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>VIGILANT SOLUTIONS, INC., a/k/a )<br>VIGILANT SOLUTIONS, LLC and )<br>MOTOROLA SOLUTIONS, INC. )<br>)<br>*Defendant.* )<br>_____ ) | Civil Action No.: 1:23-cv-560 |

## COMPLAINT

Plaintiff Likeness Data, LLC ("**Likeness**"), by and through undersigned counsel, hereby brings this Complaint against Vigilant Solutions, Inc. a/k/a Vigilant Solutions, LLC. ("**Vigilant**") and Motorola Solutions, Inc. ("**Motorola**") and would respectfully show the Court as follows:

## STATEMENT OF THE CASE

This case arises as a result of a dispute over Plaintiff's ("**Likeness**") contract with Defendant Vigilant Solutions, Inc. a/k/a Vigilant Solutions, LLC ("**Vigilant**"). Likeness and Vigilant entered into a Data Feed License Agreement ("Licensing Agreement") whereby Vigilant was an end user of Likeness's Data, allowed to transmit the Likeness Data to Vigilant's own employees and authorized agents for their business purposes. Vigilant was later acquired by Defendant Motorola Solutions, Inc. ("**Motorola**"). Vigilant, Motorola, or both knowingly, intentionally, repeatedly, and systematically breached the Licensing Agreement by incorporating the Likeness Data into their own data and services, which they subsequently marketed to public and private entities across American and around the world. By the unauthorized use of Plaintiff's

intellectual property, Defendants were unjustly enriched at Plaintiff's expense. Further, Defendants' breach of the Licensing Agreement was intentional, and Defendants knew of their intention to breach the Licensing Agreement when they entered into it with Plaintiff.

## PARTIES

1. Plaintiff Likeness Data, LLC is a Delaware limited liability company with its principal place of business in Wilmington, Delaware.

2. Defendant Vigilant Solutions, Inc. a/k/a Vigilant Solutions, LLC is a Delaware corporation with its principal place of business in Livermore, California. Defendant may be served with process via its Registered Agent, CT Corp System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3. Defendant Motorola Solutions, Inc. is a Delaware corporation with its principal place of business in Chicago, Illinois. Defendant may be served with process via its Registered Agent, CT Corp System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and attorneys' fees.

5. Venue in this action is proper in the Western District of Texas under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Travis County, which is within the Western District of Texas.

## FACTUAL BACKROUND

6. Likeness developed and operated a certain data feed ("Likeness Data") which made records available for transmission to, and reception by, authorized recipients for such recipients'

internal use or further distribution.

7. Vigilant operates a facial recognition system for us in law enforcement.

8. On October 1, 2014, Likeness and Vigilant entered into the Licensing Agreement for Likeness, through its Data Feed, make the records available for Vigilant's reception and internal use to enhance its facial recognition system. **See Exhibit A.** The Licensing Agreement granted Vigilant a "limited, non-exclusive, non-transfesrable, non-sublicenseable (other than any sublicense permitted herein" license to Likeness's photo database, created and meticulously maintained by Likeness at Likeness's expense, for use by Vigilant's business activities, including its facial recognition technology. As developed by Likeness, this data was superior to its competitors, employing proprietary formulas, ideas, and techniques to supply missing information and avoid systemic errors to which those competitors are susceptible.

9. Under the Licensing Agreement, Vigilant was an end user of the Likeness Data, allowed to transmit the Likeness Data to Vigilant's "own employees and authorized agents [for Vigilant]'s business purposes[.]" *Id*. The Licensing Agreement specifically barred Vigilant from sublicensing the Likeness Data without Likeness's express, prior agreement and specified that "Likeness reserves the right to amend the [pricing for its license of Vigilant] in consideration for the granting of sublicense privileges[.]" *Id.*

10. However, Vigilant and Motorola, incorporated the Likeness Data into their own data and services, which they subsequently marketed to public and private entities across America and around the world, without disclosure to Likeness, agreement by Likeness, or repricing of the Licensing Agreement. Neither Vigilant, nor Motorola, made any attempt to hide these actions.

11. Vigilant and Motorola chose to ignore the provisions of the Licensing Agreement, breached the Licensing Agreement, and then advertised to other vendors that it

had done so and would continue to do so. Each additional end use vendor that Vigilant and Motorola created or established by using the Likeness Data is a vendor that Likeness has been deprived of accessing though the market stream, because Vigilant and Motorola's conversion of Likeness's corporate opportunities. Essentially, Vigilant and Motorola became wholesalers of the Likeness Data, without permission, undercutting Likeness's competitiveness in the marketplace and unjustly enriching themselves in the process to the tunes of tens, if not hundreds, of millions of dollars.

12.     Ultimately, Vigilant and Motorola openly and notoriously advertised their sublicensing program to new, unauthorized end users, without any disclosure to Likeness at all; *knew* that these actions would be extremely profitable before taking them; and then undertook this program *on every inhabited continent*. However, the use of the Likeness Data in this way, is contrary to the Licensing Agreement.

## COUNT I
### (Breach of Contract)

13.     Plaintiff restates and reincorporates all preceding allegations as if fully set forth herein.

14.     The Licensing Agreement is a valid, enforceable agreements between the parties.

15.     Vigilant and Motorola's use of the Likeness Data, particularly sublicensing the Likeness Data without Likeness's express, prior agreement, and instead incorporate the Likeness Data into their own data and services, and then market it to public and private entities around the world was a breach of the agreement.

16.     By failing to receive an express, prior agreement from Likeness prior to making these actions, Vigilant and Motorola have breached the Agreement, causing Likeness to suffer damages.

## COUNT II
### (Fraudulent Inducement)

17. Plaintiff restates and reincorporates all preceding allegations as if fully set forth herein.

18. Plaintiff provided the Likeness Data to Defendants through the Licensing Agreement.

19. Defendants made material misrepresentations concerning their intentions on the use of the Likeness Data.

20. Plaintiff relied on these misrepresentations, and entered into the Licensing Agreement with Defendants, with the expectation that their intellectual property was safe.

21. Defendants knowingly made these misrepresentations to Plaintiff, knowing that they were false, and knowing that their intention at the outset was to breach the Licensing Agreement.

22. Defendants breached the Licensing Agreement by sublicensing Likeness's Data without their prior express agreement, and marketed the data for their own gain. These actions were to Plaintiff's detriment, causing extensive monetary damages.

## COUNT III
### (Unjust Enrichment)

23. Plaintiff restates and reincorporates all preceding allegations as if fully set forth herein.

24. Plaintiff conferred a benefit on Defendants by providing the Likeness Data, a valuable service, for their business purposes.

25. Defendants retained the benefit of the Likeness Data provided by Plaintiff.

26. Defendants took undue advantage of Plaintiff by breaching the Licensing

Agreement and intentionally using the Likeness Data in a way that was expressly barred in the agreement.

27. In addition to compensatory damages, Likeness should awarded punitive damages in an amount to be proven at trial because Vigilant and Motorola's conduct was malicious, and Vigilant and Motorola acted with willful and wanton disregard for Likeness's rights.

## PRAYER FOR RELIEF

WHEREFORE, Likeness Data, LLC prays for the following relief:

A. Judgment against Defendants in an amount to be determined at trial, but not less than $40,000,000.00 in compensatory damages;

B. An award to Likeness Data, LLC of its pre-judgment and post-judgment interest;

C. An award to Likeness Data, LLC of its reasonable attorneys' fees and costs incurred prosecuting this action;

D. Punitive damages in an amount to be determined at trial; and

E. Such other relief as the Court deems just and equitable.

Dated: May 19, 2023

Respectfully Submitted,

*/s/ Robert A. McNiel*

**ROBERT A. McNIEL**
State Bar No. 24043814
rmcniel@cbsattorneys.com
**JOCELIN A. TAPIA**
State Bar No. 24126044
jtapia@cbsattorneys.com

**CALHOUN BHELLA & SECHREST LLP**
325 N. Saint Paul St., Suite 2300
Dallas, Texas 75201
Telephone: (214) 981-9200
Facsimile: (214) 981-9203

**ATTORNEYS FOR PLAINTIFF
LIKENESS DATA, LLC**